## YOUNGSTOWN (City) v TRIM

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 23, 1931

Carl Armstrong, H. H. Wickham, Youngstown and R. R. Thombs, Youngstown, for plaintiff in error.

M. Mendelssohn, Youngstown, for defendant in error.

POLLOCK, J.

The evidence shows that there was a hole or depression in the sidewalk at this place of possibly eleven or twelve or fourteen inches in diameter, and the depression is stated at various depths. One witness who was standing within a few feet of where the plaintiff below fell, gives the depth of this hole at about two inches. The mother-in-law of this lady, and the lady herself, say the hole was about three or four inches deep, and Mr. Johnson, who is connected with the city administration, and probably whose duty it is to go and investigate places where people claim to be injured when the city would be liable if it was negligent, says that he examined this place and in his testimony he says probably prior to this time a pole had stood in this place and it was cut down or taken down; and that there was a hole at this place. He fixes the depth at about one inch. These are the facts about the pole being there, and possibly the city is not making any claim but what it was negligent. There is some evidence that this condition existed for such length of time that the jury would have a right to find it should have known of it. There is not any direct evidence that the fall that this lady sustained at that time was caused by this depression; in other words, there is not any testimony tending to show that she stepped into the depression and fell by reason thereof. There is not any direct evidence that she stepped into this depression, whatever it might have been. The lady herself says that she did not see the condition of the street until after she had fallen, but from the evidence as to where she was when she did fall, and the other things testified to by the witnesses, the jury would have a right to find that stepping into this depression caused her to fall. This is not the real claim of the city in this case. The claim of the city is that the plaintiff below was guilty of contributory-negligence and that the court should have directed a verdict; in other words, that she was negligent in walking along the street, and that the court below should have so said.

It appears that at this time—it was in the day time—she was carrying a child about eighteen months of age, but she does not claim that the carrying of the child interfered with her view as she walked along. She says she did not look to see this depression from the time she stepped up on the intersection walk, which was about twenty-five feet from this place, either then or any other time, as she walked along. It is also admitted that if she had looked at any time from the time she stepped on the sidewalk she could have seen the hole, but she did not know it was there until after she had fallen. We are only giving the substance of what she testified to, that she did not look to see the condition of this walk. It then becomes a question whether so walking along the street as this lady was doing, in the day time, without watching or paying attention to the pavement, is negligence of the party so doing, and that it was not a question for the jury to determine.

We are reading from McQuillan on Municipal Corporations, 7th Volume, page 268, §3013:

"One traveling along a street may presume that it is safe. Therefore, the exercise of ordinary care does not compel him to keep his eyes underfoot or looking ahead, to avoid injury. A traveler need not keep his eyes fastened on the ground, nor look far ahead for defects or obstructions nor make an active search for defects, nor look for danger at every step. At the same time, defects may be so obvious that a traveler must see them if he is paying any attention to where he is going, and in such a case the failure to observe the defect is generally held to be contributory negligence, on the theory that it is not the act of an ordinarily prudent person."

On page 271 of this work quoted it is said:

"The prevailing rule is well stated by Justice Lamm of the Supreme Court of Missouri in a separate concurring opinion, as follows: 'While a footman may presume a city has done its duty in keeping its sidewalks in a reasonably safe condition for travel by pedestrians, by night as well as by day, yet that presumption runs with

a condition. It goes hand in hand with another vital proposition, viz: that a footman must use ordinary, that is, due care, to avoid injuring himself. Such care is the care of an ordinary person under like circumstances. Such care is broad enough to create the duty to look and see where one is going as well as the duty to avoid danger when actually discovered. That does not mean a pedestrian is an inspector of sidewalks or cannot take a step without looking down to see that his feet do not carry him into a pit, nor does it mean that an ordinarily prudent person might not be deceived into taking an excavation full of water as part of the sidewalk at night in the glimmer of electric lights or during a storm. He need not be watching at every footfall for defects, but he should act like a prudent person, who makes reasonable use of his eyes while walking. He can not shut his eyes, or blindfold himself, or walk backward, or not look about him at all, or under the assumption no defects exist, walk heedlessly into obvious ones'."

Then he goes on on the next page:

"On the other hand, it is difficult to reconcile with this rule some of the decisions holding that in the particular case there was no contributory negligence as a matter of law where a traveler failed to notice a defect which could easily be seen if he had looked."

From this we have read, and there are a great many cases cited in the notes in this work, it is readily seen we have not referred to any positive rule to determine when a court should say that a party walking on the pavement is guilty of contributory negligence and therefore can not recover, and when it should be left to the jury. The cases cited are in the same confusion. In other words, the rule is that the party should use ordinary care, or, as sometimes put, the care of an ordinarily prudent person while walking along the street, so that such care is ordinary care, what an ordinarily prudent person should do is ordinarily a question for the jury.

Referring now to page 303 of this work, it is said:

"Whether the conduct of the travelers injured in the public way was such as to preclude recovery, or constituted contributory negligence, is generally a question of fact whether the injury occurred in day time or night time, and whether the traveler had or did not have knowledge of the defect, to be submitted to the jury in a proper

charge or in appropriate instructions on the points of law arising in the particular case,"

Under this proposition the cases cited are numerous, so that the general rule is that it is ordinary care, and to determine that it is a question for the jury. The Supreme Court of this state in the case of **Gibbs vs Village of Girard, 88 Oh St 34**, in the last proposition of the syllabus covers this question:

"What is ordinary care, what is reasonable safety, and the like, are, in the first instance usually questions for the determination of the jury under all the evidence and proper instructions by the court appropriate to the particular circumstances of each case and the issues thereof."

So we think that from the evidence in this case it is a question whether this lady exercised ordinary care under all the circumstances and that that was a question for the jury to determine. The jury having determined that question in favor of the plaintiff below, the judgment is affirmed.

ROBERTS and FARR, JJ, concur.